### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **LUTHER RICE COLLEGE AND SEMINARY**, | |
| | |
| *Plaintiff,* | Case No. 1:24-cv-04654-JPB |
| | |
| v. | |
| | |
| **LYNNE RILEY**, in her official capacity as President of the Georgia Student Finance Commission and Georgia Student Finance Authority; **ANNA CHAFIN, F. FAISON MIDDLETON, IV, LINDA MCWHORTER, LINWOOD H. THOMPSON, IV, DR. NARASIMHULU NEELAGARU, DAVID PEREZ, ED PEASE, DR. SARAH BECK HAWTHORNE, JAMES C. WEIDNER, A. MIDDLETON RAMSEY, JOHN LOUD, DON ANTHONY GRANTHAM, JR., RICHARD MANT, AND ROBERT GRIGSBY**, in their official capacities as members of the Georgia Student Finance Commission and Georgia Student Finance Authority board of commissioners | **RULE 41 NOTICE OF DISMISSAL** |
| | |
| *Defendants.* | |

Under Federal Rule of Civil Procedure 41(a)(1) and pursuant to the Settlement Agreement entered into between the parties and attached hereto as Exhibit 1, Plaintiff Luther Rice College and Seminary hereby dismisses all claims against Defendant Lynne Riley, in her official capacity as President of the Georgia Student Finance Commission and Georgia Student Finance Authority, and Defendants Anna Chafin, F. Faison Middleton, IV, Linda McWhorter, Linwood H. Thompson, IV, Dr. Narasimhulu Neelagaru, David Perez, Ed Pease, Dr. Sarah Beck Hawthorne, James C. Weidner, A. Middleton Ramsey, John Loud, Don Anthony Grantham, Jr., Richard Mant, and Robert Grigsby in their official capacities as members of the Georgia Student Finance Commission and Georgia Student Finance Authority board of commissioners, before the filing of any responsive pleadings by these Defendants.

Respectfully submitted this 19th day of December 2024,

s/ *Andrea Dill*
Andrea Dill*
DC Bar No. 1719500
**ALLIANCE DEFENDING FREEDOM**
440 1st Street NW
Washington DC 20001
Telephone: (202) 393-8690
Email: adill@adflegal.org

David Cortman
GA Bar No. 188810
**ALLIANCE DEFENDING FREEDOM**
1000 Hurricane Shoals Road, NE
Suite D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
Email: dcortman@adflegal.org

Ryan Tucker*
AZ Bar No. 034382
**ALLIANCE DEFENDING FREEDOM**
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Email: rtucker@adflegal.org

***Counsel for Plaintiff***
**Admitted pro hac vice*

## CERTIFICATE OF COMPLIANCE

Undersigned counsel hereby certifies that this document was prepared in Century Schoolbook 13-point font and fully complies with Local Rules 5.1C and 7.1D.

s/*Andrea Dill*
Andrea Dill

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2024, I electronically filed the
foregoing with the Clerk of Court using the CM/ECF system, which will
effectuate service on all parties.

s/*Andrea Dill*
Andrea Dill

# Exhibit 1

## Settlement Agreement

This settlement agreement (the "Agreement") is made and entered into on the _19ᵗʰ_ day of December, 2024 by and among Luther Rice College and Seminary, on the one hand, and the Georgia Student Finance Commission and the Georgia Student Finance Authority, on the other hand (collectively, the "Parties").

**Whereas,** Luther Rice College and Seminary ("Plaintiff") is a private, Christian institute of higher education located in Georgia and accredited by the Southern Association of Colleges and Schools Commission on Colleges; and

**Whereas,** the Georgia Student Finance Commission ("GSFC") and Georgia Student Finance Authority ("GSFA") are statutorily charged with administering a number of student financial aid programs, including, without limitation, the Georgia Tuition Equalization Grant, HOPE Scholarship, Zell Miller Scholarship, Dual Enrollment, and HERO Scholarship programs (collectively, "Georgia Student Aid Programs"); and

**Whereas**, Plaintiff seeks recognition as an "approved school" as that term is used in O.C.G.A. § 20-3-411(2)(A) so that its students may be eligible for Georgia Student Aid Programs; and

**Whereas**, GSFC and GSFA had previously declined to recognize Plaintiff as an "approved school" as that term is used in O.C.G.A. § 20-3-

1

411(2)(A) because GSFC and GSFA deemed Plaintiff a "school or college of theology or divinity" as that term is used in O.C.G.A. § 20-3-411(2)(A) ("Student Aid Religious Exclusion"); and

**Whereas**, on October 15, 2024, Plaintiff filed a complaint against GSFC's and GSFA's president and board members in their official capacities in a case styled *Luther Rice College and Seminary v. Riley et al.*, civil action number 1:24-cv-4654 (the "Litigation"); and

**Whereas,** on October 18, 2024, Plaintiff filed a motion for a preliminary injunction, asking the Court to enjoin GSFC and GSFA from enforcing the Student Aid Religious Exclusion against Plaintiff and from otherwise excluding Plaintiff or limiting its participation in Georgia Student Aid Programs because of Plaintiff's religious character and/or exercise, including that Plaintiff has a religious mission, awards religious degrees, and teaches courses from a Christian worldview; and

**Whereas,** in the Litigation, Plaintiff asserts that GSFC's and GSFA's refusal to recognize Plaintiff as an "approved school" under O.C.G.A. § 20-3-411(2)(A) violates the U.S. Constitution's Free Exercise, Establishment, Equal Protection, and Free Speech Clauses; and

**Whereas,** the Parties wish to resolve all Claims alleged in the Litigation, and the Parties agree that they are entering into the Agreement for that purpose only; and

2

**Whereas**, GSFC and GSFA agree and acknowledge that Plaintiff is an "approved school" as used in O.C.G.A. § 20-3-411 and that its eligible students can participate in the Georgia Student Aid Programs to the same extent as any other students of "approved schools"; and

**NOW, THEREFORE**, in consideration of the above, the mutual promises contained herein, and other good and valuable consideration, the receipt, adequacy, and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. GSFC's and GSFA's Obligations. As part of this Settlement Agreement, GSFC and GSFA agree to the following:

   a. Within seven days of execution of this Agreement, GSFC and GSFA will issue a letter acknowledging and accepting Plaintiff's request to be an "approved school" as that term is used in O.C.G.A. § 20-3-411.

   b. Effective immediately, GSFC and GSFA will permit Plaintiff to promote Plaintiff's status as an "approved school" and its students' eligibility to participate in the Georgia Student Aid Programs, which include but are not limited to, the Georgia Tuition Equalization Grant, HOPE Scholarship, Zell Miller Scholarship, Dual Enrollment, and HERO Scholarship Programs,

beginning the Fall 2025 semester for the 2025-2026 academic
year (FY 2026).

c.  As set forth in the attached Exhibit A, "Training Session Three"
will be completed by March 28, 2025, for Dual Enrollment
onboarding. If all other prior trainings are complete, on or before
April 1, 2025, GSFC and GSFA will list Plaintiff as an eligible
school for Georgia's Dual Enrollment program on Georgia's Dual
Enrollment Funding Application and any other GSFC or GSFA
websites and student enrollment resources that list eligible
schools, facilitate eligible school participation, or assist with
student enrollment in Georgia's Dual Enrollment program.

d.  Recognizing Plaintiff's constitutional concerns raised in the
Litigation, and to the extent permitted by law, GSFC and GSFA
agree not to exclude Plaintiff from the Georgia Student Aid
Programs under the Student Aid Religious Exclusion or to
interpret or apply the Student Aid Religious Exclusion to
otherwise exclude Plaintiff or limit its participation in Georgia
Student Aid Programs because of Plaintiff's religious character
and/or exercise, including that Plaintiff has a religious mission,
awards religious degrees, or teaches courses from a Christian
worldview.  Notwithstanding anything contained herein, GSFC

4

and GSFA reserve the right to disqualify Plaintiff as an "approved school" in the event Plaintiff fails to comply with any other statutory requirement or regulation for an "approved school" as that term is used in O.C.G.A. § 20-3-411(2)(A).

2. Plaintiff's Obligations. As part of this Settlement Agreement, Plaintiff agrees to the following:

   a. Within seven days of execution of this Agreement, Plaintiff agrees to voluntarily dismiss the Litigation.

   b. Plaintiff agrees to comply with providing GSFC and GSFA all necessary documentations, information, or other assistance required by GSFC and GSFA to qualify Plaintiff's students for participation in the Georgia Student Aid Programs on the deadlines set forth in Exhibit A. Plaintiff acknowledges that the failure to provide timely information or otherwise meet the deadlines set forth in Exhibit A could delay enrollment in the Georgia Student Aid Programs.

   c. Subject to its rights under the U.S. Constitution, Plaintiff agrees to comply with all Georgia laws and GSFC and GSFA rules, regulations, and policies regarding the Georgia Student Aid Programs as applied to all approved schools.

5

d. Plaintiff agrees that nothing in this Agreement guarantees that any specific student is eligible for the Georgia Student Aid Programs. Plaintiff further agrees that students seeking to participate in Georgia Student Aid Programs must otherwise comply with all other GSFC and GSFA rules, regulations, and policies governing their eligibility for the Georgia Student Aid Programs as applied to all approved schools.

e. Plaintiff agrees and acknowledges that the Georgia Student Aid Programs are not guaranteed from year to year and that benefits in the Georgia Student Aid Programs are based on annual budget from the General Assembly. Nothing contained herein is intended to guarantee or promise a certain level of funding, aid, or scholarships to Plaintiff or any of its students as applied to all approved schools.

3. Enforcement.

The parties agree to provide all information, trainings, or other assistance needed to onboard Plaintiff into the Georgia Student Aid Programs by the deadlines set forth in Exhibit A. But in the event any Party asserts that another Party is not in compliance with one or more of its obligations in this Agreement, the Parties shall address such alleged breach in good faith and act promptly in an attempt to resolve it. The asserting Party shall provide the other Party with written notice of such assertion and a fourteen (14) day opportunity to cure such noncompliance prior to taking legal action. Notice shall be made via email and via certified mail, return receipt requested as follows:

> Luther Rice College and Seminary
> President



> GSFC
> Attn: Stephen DeBaun
> General Counsel

4. Attorney fees and costs. The Parties will bear the cost of their own attorney fees and costs.

5. Release. Upon execution of this Agreement, Plaintiff hereby releases GSFC, GSFA, and its officers, boardmembers, employees, and staff

from any and all claims set forth in the Litigation. This Agreement does not cover claims unknown to Plaintiff.

6. Additional Terms.

   a. The Parties agree that this Agreement resolves all claims between them as alleged in the Litigation.

   b. The Parties acknowledge, understand, and agree that they are entering into this Agreement knowingly, voluntarily, and of their own free will and volition, without coercion or undue influence.

   c. Each Party hereto acknowledges, represents, and warrants that each has read this Agreement in its entirety; each has apprised itself of sufficient information to intelligently decide whether to execute this Agreement; the decision to execute this Agreement is not predicated on or influenced by any declarations or representations not set forth in this Agreement; each clearly understands this Agreement and each of its terms; each fully and unconditionally consents to the terms of this Agreement; each has had the benefit and advice of counsel; each has executed this Agreement freely, voluntarily, with knowledge, and without duress; neither has relied upon any other representations, written or oral, express or implied, made by any person; the consideration received has been actual and adequate; and each is

8

duly authorized to execute this Agreement in the individual or representative capacity set forth below.

d. The Parties' Agreement is the entire integrated agreement between the Parties, and any and all prior discussions, understandings, and agreements between the Parties with respect to the subject matter hereof are merged into this Agreement, which alone fully and completely expresses the Parties' Agreement. No amendments, waivers, or termination can be made except in a writing signed by each of the Parties and adopted and entered by the Court.

e. This Agreement is binding upon and inures to the benefit of the Parties and their respective successors and permitted assigns.

f. No Party may assign any rights or obligations in the Agreement without the prior written consent of each other Party hereto. Nothing in the Parties' Agreement is expressly or impliedly intended to confer any rights upon any person or entity other than the Parties hereto.

g. The Parties agree this Agreement shall be interpreted according to the laws of the State of Georgia, and the venue of any action brought to enforce this Agreement shall be exclusively in a court of competent jurisdiction in Georgia.

As evidenced by the Parties' signatures below, it is
AGREED this 17th day of December 2024,


[Signatures on following page]

Georgia Student Finance Commission and
Georgia Student Finance Authority


By: _____
    Lynne Riley
    President




Luther Rice College and Seminary


By: _____
    Steven Steinhilber
    President

# Exhibit A
**(Withheld)**